# FEDERAL PUBLIC DEFENDER
## Southern District of Texas
Lyric Office Centre
440 Louisiana Street, Suite 1350
Houston, Texas 77002-1056

**FEDERAL PUBLIC DEFENDER:**
**MARJORIE A. MEYERS**

Telephone:
713.718.4600

Fax:
713.718.4610

May 24, 2024

*VIA FIFTH CIRCUIT CM/ECF SYSTEM*
Mr. Lyle W. Cayce, Clerk
United States Court of Appeals
 for the Fifth Circuit
600 South Maestri Place
New Orleans, Louisiana 70130

    RE:   *United States v. Andre Louis Keller*, 5th Cir. No. 23-40338;
           Response to Rule 28(j) letter of appellee

Dear Mr. Cayce:

Pursuant to Fed. R. App. P. 28(j), appellant submits this response to the government's letter on *United States v. Martinez*, ___ F.4th ___, No. 23-40366, 2024 WL 2237967 (5th Cir. May 17, 2024). *Martinez* is not relevant. That opinion considered whether an immigration checkpoint stop was lawfully extended based on reasonable suspicion from a Border Patrol K-9's "alerts *and indications*" by performing his trained behavior of sitting in the *primary* inspection area. *Id.* at *1 (emphasis added). The Court rejected Martinez's argument that "dogs are unable to reliably differentiate between the scents of a vehicle's driver and concealed humans within the vehicle" because they "are too short to [see] into the driver's window of a tractor-trailer." *Id.* at *1-*2, *4.

    Mr. Keller's appeal raises different issues based on different facts. First, unlike the K-9 in *Martinez*, the Border Patrol K-9 in Mr. Keller's case never indicated by sitting in primary. *See* Br. for Appellant ("Def. Br.") 29-33; Reply Br. 11-16. Also unlike in *Martinez*, Border Patrol *searched* Mr. Keller's GMC *before* the K-9 indicated by sitting and *before* the secondary sniff procedure occurred. *See* Def. Br. 18-23, 25-29; Reply Br. 3-11. Based on these different facts, Mr. Keller has argued that the K-9's behavior in primary was a search because the K-9 was trained to detect

lawful activity, that the government failed to prove that the K-9 was certified to detect concealed humans in the primary area by a "bona fide organization," and that the K-9's failure to indicate in the primary area means that his behavior there did not give rise to the presumption of probable cause necessary for the search. He has also argued that the Border Patrol agent and K-9's conduct in primary constituted a trespass. None of these arguments were made in *Martinez*.

    Respectfully submitted,

    s/ Kathryn Shephard
    KATHRYN SHEPHARD
    Assistant Federal Public Defender
    Attorney for Appellant

## CERTIFICATE OF SERVICE

All parties required to be served with copies of this document have been so served by filing via the Fifth Circuit ECF filing system.

    s/ Kathryn Shephard
    KATHRYN SHEPHARD