# FEDERAL PUBLIC DEFENDER
## Southern District of Texas
Lyric Office Centre
440 Louisiana Street, Suite 1350
Houston, Texas 77002-1056
713.718.4600

**INTERIM FEDERAL PUBLIC DEFENDER**      **FIRST ASSISTANT**
**PHILIP G. GALLAGHER**     **SANDRA ZAYAS**

October 30, 2024

*VIA FIFTH CIRCUIT CM/ECF SYSTEM*
Mr. Lyle W. Cayce, Clerk
United States Court of Appeals
 for the Fifth Circuit
600 South Maestri Place
New Orleans, Louisiana 70130

    RE:    *United States v. Andre Louis Keller*, 5th Cir. No. 23-40338;
            Response to second Rule 28(j) letter of appellee

Dear Mr. Cayce:

    Appellee's letter cites *United States v. Plancarte*, 105 F.4th 996 (7th Cir. 2024); *United States v. Wilson*, 2024 WL 3634199 (5th Cir. 2024) (unpublished); *State v. Bauler*, 8 N.W.3d 892 (Iowa 2024); and *United States v. Collier*, 116 F.4th 756 (8th Cir. 2024).

    *Plancarte* is unpersuasive by conflicting with the Supreme Court's discussion of *Kyllo v. United States*, 533 U.S. 27 (2001), in *Illinois v. Caballes*, 543 U.S. 405, 409-410 (2005), and *Byrd v. United States*, 138 S. Ct. 1518, 1527 (2018). *See* Reply Br. 5-6. Factually, *Plancarte* is distinguishable: field records established the dog's better than 80% accuracy rate detecting actual contraband. 105 F.4th at 1001. Here, Border Patrol doesn't keep field records, and the research and development coordinator testified that the secondary sniff procedure is built into the dogs' training since dogs will alert to lawful activity in primary. ROA.639, 669-670.

    The footnote in the unpublished *Wilson* opinion is unpersuasive dicta that addresses an argument the defendant didn't make, and the parties didn't brief. *Wilson* doesn't use the word trespass or mention *United States v. Jones*, 565 U.S. 400 (2012), or *United States v. Richmond*, 915 F.3d 352 (5th Cir. 2019).

*Bauler* supports Mr. Keller's argument. *Bauler* found that *State v. Dorff*, 526 P.3d 988 (Id. 2023) "was correct about the common law of trespass," and held under *Dorff* that the officer and K-9 "technically committed a common law trespass." *Bauler*, 8 N.W.3d at 905-906. Though the majority ultimately concluded that "it does not make sense" to "invok[e] technicalities of common law trespass to define the scope of a lawful dog sniff," *Id.* at 907, the majority ignored this Court's *Richmond* decision. The principal dissent invoked *Richmond* to find a Fourth Amendment violation under *Jones*, and that dissent provides the appropriate analysis for this Court to follow given this Circuit's precedent. *See Bauer*, 8 N.W.3d at 913-24 (Oxley, J., dissenting).

*Collier* is of little relevance because nothing in that opinion suggests the dog's unique alert behavior wasn't used in his training, and the government produced field records establishing the dog's 97% accuracy rate. *Collier*, 116 F.4th at 761-62.

Respectfully submitted,

s/ Kathryn Shephard
KATHRYN SHEPHARD
Assistant Federal Public Defender
Attorney for Appellant

## CERTIFICATE OF SERVICE

All parties required to be served with copies of this document have been so served by filing via the Fifth Circuit ECF filing system.

s/ Kathryn Shephard
KATHRYN SHEPHARD